IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUANA HERRERA, et al.,

    Plaintiffs,

v.                         CIVIL NO. 98-1926 (RLA)

PEDRO TOLEDO DAVILA, et al.,

    Defendants.

### MINUTES OF FURTHER STATUS CONFERENCE
### HELD ON JANUARY 20, 2000

At the Status Conference held on January 20, 2000 from 2:00 p.m. until 3:15 p.m. plaintiffs were represented by JUDITH BERKAN, ESQ. and MARY JO MENDEZ, ESQ. Defendants were represented as follows: (1) JOSE L. DIAZ PORTALATIN through LYNN DOBLE-SALICRUP, ESQ.; (2) ORLANDO ORTIZ and (3) EDUARDO MARTINEZ through CARLOS LUGO FIOL, ESQ. and (4) ROBERT GARCIA PEREZ through RAMONITA PEREZ DE GOTAY.

### Dismissal of plaintiff JOSE SANCHEZ

Counsel having indicated that they have been unable to locate plaintiff JOSE SANCHEZ despite numerous efforts, the Motion for Partial Judgment, filed on December 20, 1999 (docket No. **129**) is **GRANTED**.

Accordingly, the complaint filed by JOSE SANCHEZ is hereby **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

AO 72
(Rev 8/82)

## Outstanding Discovery

Attorney Doble Salicrup advised that plaintiffs had failed to respond to a request for production of documents propounded on November 4, 1999 requesting the legal grounds for asserting that JUANA HERRERA is the sole heir of the claims of her son, RAFAEL. Counsel for plaintiffs opine that this request calls for a legal opinion and is therefore, not subject to discovery. It is their position that opposing counsel is entitled only to factual information. A discussion ensued as to whose burden it is to establish MRS. HERRERA's entitlement to her son's claim and whether or not this included disclosing the underlying legal provisions. MS. DOBLE SALICRUP was advised to filed a motion concerning this issue in the event she wishes to pursue it.

Counsel for plaintiffs advised that all discovery has been programmed except for any additional discovery that may be required as a result of the scheduled depositions.

Additionally, counsel for plaintiffs advised that they had recently learned about the existence of a potential eye witness to the events by the name of "ISMAEL" and all efforts are being made to locate him. In the event that plaintiffs locate this new witness they shall furnish opposing counsel with all pertinent information in order for his deposition to be taken **no later than March 30, 2000.**

Plaintiffs will provide defendants the exact address of LUZ MEJIAS **no later than January 31, 2000.**

### Depositions

The parties agreed to block **March 24 and 25, 2000** for deposing plaintiff's witnesses in addition to the dates previously agreed upon [1] subject to resolution of attorney BERKAN's calendar conflict.

### Experts

Plaintiffs announced they will utilize the services of LOU RYDER, an expert in police administrative procedures, as an expert witness. Plaintiffs will furnish opposing counsel with copy of the expert's curriculum vitae they have presently available **no later than January 31, 2000** and will forward a current one subsequently. MR. RYDER's report shall be provided to opposing counsel **no later than May 15, 2000.**

Defendants will announce their expert witness on liability **no later than May 31, 2000** and the respective expert reports shall be furnished to plaintiffs **on or before June 30, 2000.**

Defendants reiterated that they will not use a medical expert in this action.

The depositions of liability experts shall be taken **no later than July 31, 2000.**

---

[1] See Order in the Matter of Scheduled Dates for Depositions, issued on December 20, 1999 (docket No. 130).

CIVIL NO. 98-1926 (RLA)                                                    Page 4

---

**Dispositive Motions**

The following deadlines were set for submission of dispositive motions in accordance with the undersigned's Amended Standing Order issued on May 19, 1998.

| | |
|---|---|
| **9/11/2000** | Deadline for service of dispositive motions. |
| **10/13/2000** | Deadline for service of oppositions. |
| **11/3/2000** | Deadline or service of replies, if warranted. |
| **11/17/2000** | Deadline for service of sur-replies, if warranted. |

**Pretrial Conference and Trial**

Pretrial Conference and Trial will be scheduled upon resolution of the dispositive motions filed, if warranted.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 21 day of January, 2000.

RAYMOND L. ACOSTA
United States District Judge

AO 72
(Rev 8/82)

## SUMMARY OF DEADLINES

| | |
|---|---|
| **** | Plaintiffs to provide information re: "ISMAEL", if located, for deposition to be taken prior to 3/30/2000. |
| 1/31/2000 | Deadline for plaintiffs to provide exact address of LUZ MEJIAS. |
| 1/31/2000 | Deadline for plaintiffs to provide available curriculum vitae of LOU RYDER [to be updated subsequently]. |
| 3/30/2000 | Deadline for conclusion of depositions of parties, fact witnesses and damages experts. |
| 5/15/2000 | Deadline for report of LOU RYDER. |
| 5/31/2000 | Deadline for defendants to identify liability expert witnesses. |
| 6/30/2000 | Deadline for defendants' expert witness reports. |
| 7/31/2000 | Deadline for depositions of liability expert witnesses. |
| 9/11/2000 | Deadline for service of dispositive motions. |
| 10/13/2000 | Deadline for service of oppositions. |
| 11/3/2000 | Deadline or service of replies, if warranted. |
| 11/17/2000 | Deadline for service of sur-replies, if warranted. |