IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED
00 FEB 29 AM 8 01
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

JUANA HERRERA, et al.,

    Plaintiffs,

v.                                    CIVIL NO. 98-1926 (RLA)

PEDRO TOLEDO DAVILA, et al.,

    Defendants.

### MINUTES OF DISCOVERY CONFERENCE
### HELD ON FEBRUARY 25, 2000

A Discovery Conference was held on February 25, 2000 from 3:15 p.m. until 4:00 p.m. Plaintiffs were represented by JUDITH BERKAN, ESQ. and MARY JO MENDEZ, ESQ. Defendants were represented as follows: (1) JOSE L. DIAZ PORTALATIN through LYNN DOBLE-SALICRUP, ESQ.; (2) ORLANDO ORTIZ and (3) EDUARDO MARTINEZ through MARIA DEL MAR ORTIZ RIVERA, ESQ. and (4) ROBERT GARCIA PEREZ through RAMONITA PEREZ DE GOTAY.

During the Conference the issues raised in plaintiffs' Urgent Motion Requesting Status Conference... Regarding depositions in the Dominican Republic, filed on February 18, 2000 (docket No. 137) were discussed and disposed of as follows.

#### Depositions of Pathologists

The Court ruled that the nature of the testimony of DRS. SANTOS JIMENEZ and SERGIO SARITA, pathologists in the Dominican Republic who either conducted the autopsy or signed the report of the decedent, was not tantamount to being an expert witness. Thus, this

CIVIL NO. 98-1926 (RLA)                                            Page 2

testimony would not trigger plaintiffs' duty to make disclosures under Rule 26.

Plaintiffs stated that they did not intend to utilize DR. SARITA as a witness at trial unless the need arose during the taking of the deposition of DR. JIMENEZ.

Accordingly, in the event that plaintiffs determine that DR. SARITA's testimony will be necessary at trial they shall file a motion to this effect **within one week** from the conclusion of the deposition of DR. JIMENEZ.

MS. PEREZ inquired when plaintiffs could make available copy of the videotape and photographs of the autopsy. MS. MENDEZ advised that she had previously seen the videotape which was in the possession of decedent's relatives in the Dominican Republic and would make it available to opposing counsel as soon as feasible after their arrival in the Dominican Republic. MS. MENDEZ further indicated that she was not certain her clients had a copy of the photographs but if they did, she would also make them available.

### Videotape of Depositions

The Court ruled that plaintiffs' indigent status was not determinative as to who should bear the costs of the videotape. The calling party bears the expense of the entire video including defendants' examination regardless of the fact that defendants are conducting a discovery deposition.

**CIVIL NO. 98-1926 (RLA)**                                                                 **Page 3**

1   The parties are not certain whether an interpreter will be
2   utilized for the depositions.
3
4   Plaintiffs' counsel mentioned the possibility of transcribing
5   only portions of the deposition testimony. This matter was left
6   pending for a later time.

### Deposition Oath

8   Plaintiffs advised that they had contacted a notary in the
9   Dominican Republic who was willing to take the deponents' oath.
10  However, he would charge $180.00 per hour and insisted on being
11  present during the entire deposition.
12  In view of the foregoing, all parties agreed for the Court to
13  commission JUDITH BERKAN, ESQ. and RAMONITA PEREZ DE GOTAY, ESQ.
14  under the provisions of Rule 28(b) Fed. R. Civ. P. to take the oath
15  of the deponents in depositions taken in Santo Domingo related to
16  these proceedings. A separate commission order shall be issued.

### Miscellaneous

19  MS. DOBLE explained that all motions filed by her in this
20  action had been bona fide efforts on her behalf to adequately
21  represent the interests of her client.
22  MS. PEREZ also indicated that she resented the tone and the
23  language of the letters forwarded by plaintiffs' counsel regarding
24  the discovery postures in this case.

**CIVIL NO. 98-1926 (RLA)**                                              **Page 4**

---

The Court admonished counsel that henceforth they should address each other with civility and mutual respect as they are all professionals doing their best to represent their respective client's interest.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 25th day of February, 2000.

_____
RAYMOND L. ACOSTA
United States District Judge